J-S08044-24

2024 PA Super 56

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WILLIAM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 853 MDA 2023 |

Appeal from the PCRA Order Entered May 16, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003640-2017

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION  BY STEVENS, P.J.E.:                **FILED: MARCH 25, 2024**

Appellant, John William Williams, appeals from the order entered in the Court of Common Pleas of Cumberland County dismissing his first petition under the Post Conviction Relief Act ("PCRA")[1] after we had vacated the PCRA court's prior order and remanded with instructions directing it to either appoint counsel or conduct a proper **Grazier**[2] colloquy before permitting him to proceed *pro se*.  He contends the PCRA court erred when, after it completed the colloquy, it forwent a new evidentiary hearing in favor of relying on the record of his *pro se* testimony offered at the pre-remand evidentiary hearing. After careful consideration, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

This Court previously has set forth the relevant procedural history as follows:

By way of background, a jury convicted Appellant of kidnapping, robbery, and related offenses in 2019. On June 18, 2019, the trial court sentenced Appellant to an aggregate term of fourteen to twenty-eight years' incarceration. Although Appellant filed a *pro se* notice of appeal, he subsequently filed an application to discontinue his direct appeal, which this Court granted on February 7, 2020. ***See*** Order, 1184 MDA 2019, 2/7/20.

On September 22, 2021, Appellant filed [a] *pro se* PCRA petition, his first. In the petition, Appellant claimed, among other issues, that the trial court, the Commonwealth, and the Department of Corrections violated his due process rights by interfering with his direct appeal. *Pro Se* PCRA Pet., 9/22/21, at 4-12. Appellant also claimed that his petition was timely under the government inference and newly discovered facts exceptions to the PCRA's one-year time bar under 42 Pa.C.S.[A.] § 9545(b)(1)(i), (ii). ***Id.*** at 4, 12, 21-23. Appellant also requested that Attorney Jividen be reappointed as his standby counsel for the PCRA proceedings. ***Id.*** at 21.

The PCRA court appointed William Braught, Esq. ("PCRA counsel") to represent Appellant. PCRA counsel subsequently filed a motion to withdraw as counsel, and Appellant filed a motion to proceed *pro se* captioned "[Appellant's] motion for leave to proceed self-represented in post-conviction proceedings." On November 4, 2021, the PCRA court filed an order that granted Appellant's motion to proceed *pro se*, allowed PCRA counsel to withdraw, and appointed Attorney Jividen as standby counsel. Appellant filed a motion requesting that the entire Court of Common Pleas of Cumberland County recuse itself on November 19, 2021.

The PCRA court held a hearing on December 21, 2021, at which Appellant testified. N.T. PCRA Hr'g, 12/21/21, at 5-22. On January 19, 2022, the PCRA court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. Nevertheless, Appellant filed a Rule 1925(b) statement on April 4, 2022. The PCRA court issued a Rule 1925(a) opinion concluding

that Appellant's PCRA petition was untimely filed. PCRA Ct. Op., 6/28/28, at 3-5.

***Commonwealth v. Williams***, 293 A.3d 632 (Pa. Super. 2023) (non-precedential decision at *1) (footnotes omitted).

In this Court's memorandum decision of February 22, 2023, we vacated the PCRA court's order denying PCRA relief because the PCRA court had allowed Appellant to waive his right to counsel and to proceed *pro se* at his PCRA evidentiary hearing without having received a proper ***Grazier*** hearing. ***Williams***, 293 A.3d 632 at *3. We thus remanded the case and directed the PCRA court "to conduct a ***Grazier*** hearing to determine whether Appellant is indigent and if he wishes to proceed with appointed counsel." ***Williams***, 293 A.3d 632 at *4.

We continued, "If Appellant is indigent and he does not waive his right to counsel, the PCRA court shall appoint new counsel to represent Appellant. The PCRA court must also provide appointed counsel with a reasonable opportunity to prepare for an amended petition and for a new evidentiary hearing." ***Id***. Significantly, we did not direct a new evidentiary hearing be held in the event Appellant continued to proceed *pro se*, which he has done.

On remand from this Court's order, the PCRA court held the hearing of April 25, 2023, in which it initially advised Appellant*, inter alia*, that if he wished to exercise his right to counsel then the court would appoint one and provide Appellant with a new PCRA evidentiary hearing. Appellant, however, voiced his preference to proceed *pro se*, prompting the PCRA court to conduct

an on-the-record ***Grazier*** colloquy to ensure his waiver of counsel was knowingly, intelligently, and voluntarily tendered. N.T., 4/25/23, at 2-5.

After completing the ***Grazier*** colloquy, the PCRA court adjourned the proceeding with the understanding that Appellant would proceed with the present appeal on the evidentiary record as it existed. In the PCRA court's subsequent order to this effect, it amplified that it was relying on the record of the December 21, 2021, evidentiary hearing because it had discerned nothing from the ***Grazier*** hearing to suggest that Appellant's new *pro se* testimony would deviate from his *pro se* testimony previously given.

Moreover, Appellant did not request a new evidentiary hearing, nor did he make an offer of proof as to what he would add to his prior testimony, which he had given under oath, especially regarding any matter that would likely change the outcome of the PCRA court's decision. This timely appeal followed.

Appellant raises for this Court's consideration the following issues on appeal:

1. Whether Petitioner's waiver of counsel at the [April 15, 2023] ***Grazier*** hearing was knowing, intelligent, and voluntary when the [PCRA] Court failed to inquire about the Petitioner's background in order to determine if he understood the implications of waiving counsel; and

2. Whether Petitioner's waiver of counsel ***Grazier*** hearing held after the PCRA [evidentiary hearing of December 2021, in which he testified while deprived of his right to counsel,] can be retroactively applied to the PCRA hearing?

Brief of Appellant, at 4.

- 4 -

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. H. Ford*, 947 A.2d 1251 (Pa. Super. 2008), *appeal denied*, 59 A.2d 319 (Pa. 2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. J. Ford*, 44 A.3d 1190 (Pa. Super. 2012).

"[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015); Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007).

In Appellant's first issue, he maintains that the PCRA court's ***Grazier*** colloquy was deficient despite adhering to the dictates of Pa.R.Crim.P. 121[3] because it otherwise failed to inquire about his age, educational background, and basic comprehension skills to ensure that he possesses the ability to understand the questions posed to him during the waiver colloquy. ***See Commonwealth v. McDonough***, 812 A.2d 504, 507 n.1 (Pa. 2002) (observing, a "waiver colloquy must, of course, always contain a clear demonstration of the defendant's ability to understand the questions posed to him during the colloquy.").

_____

[3] This Court has observed,

> [Pa.R.Crim.P. 121] indicates that if a defendant seeks to waive his right to counsel, six areas of inquiry must be explored and explained to the defendant to "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). In [***Commonwealth v. Meehan***, 628 A.2d 1151 (Pa. Super. 1993)] we noted that some of the precepts regarding waiver of counsel in the trial setting were inapplicable in the PCRA area. We did hold, however, that if a post-conviction waiver of counsel is requested by the defendant, the PCRA court must ascertain that "the defendant understands: (1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." ***Id.*** at 1157; ***see also Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa. Super. 2001). While we concluded that the colloquy conducted therein was sufficient, that case clearly indicates four of the six areas of inquiry contained in Rule 121 apply in the PCRA context.

***Commonwealth v. Stossel***, 17 A.3d 1286, 1289 (Pa. Super. 2011).

The record belies Appellant's contention, as it shows that the PCRA court had ample opportunity prior to the ***Grazier*** hearing to witness Appellant's articulate and capable *pro se* presentation of his case through testimony and argument at the 2021 PCRA evidentiary hearing. Appellant continued to demonstrate his ability to understand at the colloquy, where he provided appropriate and varied responses confirming his comprehension of both his rights and the nature of the proceedings bearing on his right to counsel. Given this record, we reject Appellant's contention that the PCRA court failed to ensure that he possessed the ability to understand the questions put to him.

Appellant contends in his second issue that the PCRA court erred at the conclusion of the ***Grazier*** hearing when, after it entered its order acknowledging Appellant may self-represent, it did not schedule a new PCRA evidentiary hearing. Specifically, Appellant charges error with the PCRA court's continued reliance on the *pro se* testimony he offered at the 2021 PCRA evidentiary hearing when a proper ***Grazier*** hearing did not precede it.

Notably, however, Appellant failed to raise this issue through a timely objection to the PCRA court's stated intention to offer a new evidentiary hearing only if Appellant elected to be represented by newly appointed counsel. N.T., 4/25/24, at 3. Indeed, prior to that moment, Appellant had received the PCRA court's ***Grazier*** colloquy admonishment that he would be bound by all normal rules of procedures, may have rights that if not timely asserted could be lost permanently, and may lose the right to obtain remedy

- 7 -

for alleged court errors to which he failed to timely object while acting *pro se*. N.T. at 3. On this basis, alone, may we deny the relief he seeks. **See Commonwealth v. Roney**, 79 A.3d 595, 611 (Pa. 2013) (finding claims waived for failure to present them to the PCRA court); **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."); **Commonwealth v. Bethune**, No. 283 MDA 2023, 2024 WL 511043 (Table) (Pa. Super. filed February 9, 2024) (non-precedential decision at *5, fn. 10) ("Ordinarily, failure to raise a claim before the PCRA court results in waiver.").[4] **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). [5]

Accordingly, as Appellant's challenges to the PCRA court's order afford him no relief, we affirm.

Order affirmed.

_____

[4] **See** Pa.R.A.P. 126(b) (stating, non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

[5] Relatedly, we observe that Appellant made no offer of proof to the PCRA court explaining how additional *pro se* testimony would differ in any substantive, meaningful way from his previous *pro se* testimony or would likely change the outcome of the PCRA court's decision. As such, he demonstrates neither merit to his present claim nor, in the alternative, harm from the PCRA court's decision to forgo a second evidentiary hearing. Furthermore, we acknowledge the PCRA court's legitimate interest in avoiding waste of judicial resources by holding multiple hearings which involve duplication of effort and information.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2024