J-A15029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARVIN D. TROTTER | : | |
| | : | |
| Appellant | : | No. 80 MDA 2024 |

Appeal from the PCRA Order Entered January 3, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000436-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED: SEPTEMBER 24, 2024**

Marvin D. Trotter ("Trotter") appeals pro se from the order entered January 3, 2024 by the Franklin County Court of Common Pleas ("PCRA court") dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  On appeal, Trotter raises claims of ineffective assistance of PCRA and plea counsel relating to the entry of his guilty plea.  Finding Trotter's claims to be waived and without merit, we affirm.

The record reflects that on January 14, 2022, the Commonwealth charged Trotter with one count of failure to register with the Pennsylvania State Police ("PSP") and one count of failure to provide accurate registration

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

information.[2]    Trotter reached an open plea agreement with the Commonwealth, and on February 17, 2023, the trial court accepted Trotter's guilty plea to one count of failure to register and deferred sentencing to obtain a presentence investigation report.[3]   On April 26, 2023, the trial court sentenced Trotter to twenty-seven to sixty months in prison.

On May 15, 2023, Trotter filed pro se correspondence asking the trial court to vacate his sentence and extend the time period for him to file an appeal.   Trotter claimed ineffective assistance of his privately retained plea counsel for misleading and misinforming him regarding sentencing.  The trial court entered an order taking no action based on the prohibition on hybrid representation and forwarded the letter to plea counsel.  On May 22, 2023, Trotter filed a pro se notice of appeal seeking review of his claims of ineffective assistance of plea counsel and entry of an involuntary, unknowing, and unintelligent guilty plea.   On June 5, 2023, Trotter filed additional pro se correspondence stating he no longer wanted to be represented by plea counsel because his attempts to communicate with counsel had gone unanswered. Trotter wished to proceed pro se until the trial court appointed new counsel

---

[2] 18 Pa.C.S. §§ 4915.2(a)(1), 4915.1(a)(3).  Trotter is required to register with the PSP pursuant to Subchapter I of the Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.51-9799.75.   **See** Police Criminal Complaint, 1/14/2022, at 2.

[3] The trial court nol prossed the remaining count.  **See** N.T., 4/26/2023, at 16.

and to appeal his sentence based on his claim that plea counsel misled him as to sentencing. The trial court appointed the office of the Franklin County Public Defender as direct appeal counsel.

On June 20, 2023, while represented by direct appeal counsel, Trotter filed a pro se PCRA petition asserting ineffective assistance of plea counsel for failing to file an appeal on his behalf and misleading him about sentencing. He also claimed his guilty plea was unlawfully induced. The PCRA court entered an order taking no action based on the prohibition on hybrid representation and forwarded the letter to direct appeal counsel. On June 26, 2023, direct appeal counsel filed a praecipe to withdraw Trotter's appeal because Trotter no longer wanted to pursue it, and this Court marked the appeal discontinued that same date.[4]

On July 3, 2023, Trotter filed a pro se "notice of appeal to vacate sentence," in which he averred ineffective assistance of direct appeal counsel. The trial court treated the filing as a PCRA petition and appointed counsel. On October 3, 2023, PCRA counsel filed a petition to withdraw and no-merit letter

---

[4] Subsequently, on November 2, 2023, Trotter filed a pro se notice of appeal from the April 26, 2023 imposition of his sentence. This Court docketed the appeal at 1580 MDA 2023, and on March 7, 2024, entered an order dismissing the appeal for failure to file a brief.

pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).[5]

On November 8, 2023, the PCRA court granted PCRA counsel's petition to withdraw and entered notice of its intention to dismiss Trotter's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Trotter filed a pro se response and on January 3, 2024, the PCRA court dismissed the petition. This appeal followed.

---

[5] Thereafter, Trotter filed numerous pro se filings upon which the PCRA court entered orders taking no action. One of the filings was a pro se PCRA petition, which consisted of Trotter checking boxes for boilerplate claims of constitutional violations, ineffective assistance of counsel, unlawful plea, and unavailability of exculpatory evidence; he also made generic claims of "miscarriage of justice," double jeopardy, ex post facto violation, and an illegal sentence. Pro Se PCRA Petition, 10/20/2023, ¶¶ 4-6. The PCRA court entered an order taking no action because, at that time, he was still represented by PCRA counsel and forwarded the petition to counsel. Order, 10/23/2023.

On November 6, 2023, Trotter filed pro se correspondence titled "ineffective council non compliant," wherein he stated that PCRA counsel returned his pro se PCRA petition to him, along with counsel's petition to withdraw and **Turner**/**Finley** no-merit letter. Pro Se Correspondence, 11/6/2023. Trotter claimed his petition "should receive action pro se as I have submitted to the courts. Under rule of law SORNA and Rule 907 no further miscarriage of justice or double jeopardy should continue to be upheld" and requested his immediate release from prison. **Id.**

On November 16, 2023, the PCRA court issued an order addressing Trotter's November 6, 2023 correspondence. The PCRA court observed that at the time of Trotter's filing, Trotter had a pending PCRA petition. The PCRA court determined that Trotter "had not stated any factual averments to substantiate the claims asserted," which it found "overbroad as they relate to general claims of 'violation of constitutional law' and 'double jeopardy'" and ordered "no action taken at this time." PCRA Court Order, 11/16/2023.

On appeal, Trotter raises the following issues for our review.

A.      Whether [PCRA] counsel provided ineffective assistance of counsel when he failed to investigate [Trotter's] claim that privately retained [plea] counsel unethically represented him by promising to challenge the charges against him at trial and on the day set for trial[,] coerced [Trotter] into entering a guilty plea to a crime he did not commit?

B.      Whether the [PCRA] court erred by finding that [plea] counsel was not ineffective in failing to properly advise [Trotter] of the consequences of his open plea to the charges against him?

C.      Whether the [PCRA] court erred by dismissing [Trotter's PCRA] petition without an evidentiary hearing when material issues of fact were presented to the [PCRA] Court?

Trotter's Brief at 4 (suggested answers and unnecessary capitalization omitted).

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

**Commonwealth v. Wilson**, 273 A.3d 13, 18 (Pa. Super. 2022) (citations omitted).

"A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further

proceedings." *Commonwealth v. Williams*, 313 A.3d 249, 253 (Pa. Super. 2024) (citations, quotation marks, and brackets omitted); *see also* Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Williams*, 313 A.3d at 253 (citations and quotation marks omitted).

Trotter raises claims of ineffective assistance of plea counsel and a claim of PCRA counsel's ineffectiveness, the latter of which we may review even though it was raised for the first time on appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("A PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). "In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise." *Commonwealth v. Hamilton*, 303 A.3d 823, 830-31 (Pa. Super. 2023) (citation omitted). To establish an ineffectiveness claim, a petitioner must prove:

> (1) [t]he underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* at 831 (citation, quotation marks, and brackets omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citation and quotation marks omitted).

Further, "[w]here the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Gibson*, 318 A.3d 927, 2024 WL 3263496, at * 4 (Pa. Super. July 2, 2024) (citation omitted).

> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.
>
> In any event, it is well settled that counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Id.* (citations and quotation marks omitted).

Trotter's claims are related and we therefore address them together. Trotter's first issue is a layered ineffectiveness claim in which he asserts PCRA counsel's ineffectiveness for failing to raise a claim of ineffectiveness by plea counsel. Trotter's Brief at 19-25. Trotter properly preserved the issue by raising it in his Rule 1925(b) concise statement. *See* Rule 1925(b) Statement, 1/26/2024, ¶ 1; *see also Bradley*, 261 A.3d at 401. Trotter next argues

plea counsel's ineffectiveness for failing to properly advise him of the consequences of his open guilty plea and coercing him to plead guilty. Trotter's Brief at 25-32. Lastly, Trotter argues that remand is required for the PCRA court to hold an evidentiary hearing on his claims. *Id.* at 32-34.

The crux of Trotter's argument is that plea counsel was ineffective for misleading him into believing that if he pled guilty, the trial court would sentence him to house arrest and probation. *Id.* at 14-16, 18, 26-29. According to Trotter, he privately retained plea counsel to "fight" his charges, but after Trotter paid "the entire fee" of $8,000 to plea counsel, counsel "began to pressure [Trotter] to plead guilty and accept a deal for house arrest and probation." *Id.* at 14. Trotter claims plea counsel told him, in the presence of Trotter's brother, that the assistant district attorney "had agreed to house arrest and probation in exchange for [Trotter's] guilty plea." *Id.* Trotter asserts that he repeatedly told plea counsel that he did not want to plead guilty because he had complied with his registration requirements. *Id.* at 14, 28. Trotter claims that in a meeting with him and his brother, plea counsel raised his voice and used foul language to pressure him to plead guilty and that Trotter "caved under pressure and pled guilty expecting to put this case behind him and receive house arrest and probation." *Id.* at 15. According to Trotter, after he pled guilty and up until the trial court sentenced him, plea counsel continued to maintain that the trial court would sentence him to house arrest and probation. *Id.* He argues this Court should "look

beyond the colloquy" to review his claim of plea counsel's unethical, coercive, and ineffective actions, which he claims can be corroborated by his brother. *Id.* at 23-25. Trotter seeks an evidentiary hearing before the PCRA court, arguing that issues of material fact exist, including: (1) his innocence, because the activity for which he failed to register was not required to be reported to police as part of his registration requirements; (2) plea counsel's promise to defend Trotter against the charges, coercion into a guilty plea, and failure to advise him of the consequences of his open plea; and (3) PCRA counsel's failure to investigate these claims. *Id.* at 17, 21-22.

To begin, we conclude that Trotter waived his ineffectiveness claims. While the argument section of his brief sets forth the three-prong ineffectiveness test, Trotter fails to mention, much less meaningfully discuss, that PCRA and plea counsel lacked a reasonable basis for their actions or that their actions prejudiced him. This failure defeats Trotter's ineffectiveness claims as they are waived for lack of development. *See Hamilton*, 303 A.3d 831.

Even if we were to overlook these omissions, we would conclude that Trotter is not entitled to relief. As this Court has explained:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence

demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining

- 10 -

whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

Instantly, the record reflects that Trotter completed a written plea agreement as well as written and oral guilty plea colloquies. Written Guilty Plea Colloquy, 2/17/2023, ¶¶ 4, 16. Trotter admitted that he failed to comply with registration requirements. N.T., 2/17/2023, at 5-6. In both his plea agreement and oral colloquy, Trotter specifically acknowledged that he understood that he was entering an open plea (including what an open plea means); the nature of the charge; and the permissible range of sentences and fines that could be imposed. *Id.* at 2-5; Plea Agreement, 2/17/2023, ¶¶ 3-4; *see also* Written Plea Colloquy, 2/17/2023, ¶ 9. Trotter denied that anyone had forced, coerced, or threatened him to enter his guilty plea, and confirmed that he willingly entered the plea and was satisfied with plea counsel. N.T., 2/17/2023, at 1, 5; Written Plea Colloquy, 2/17/2023, ¶ 12-15, 17. He also acknowledged that he understood that the trial court was not bound to accept the plea agreement. N.T., 2/17/2023, at 4; Written Plea Colloquy, 2/17/2023, ¶ 18. Specifically, with respect to sentencing, the following exchange occurred between the trial court and Trotter:

> Q. [trial court]    So you understand that I will hear on the day of sentencing, argument from your attorney, I'll hear argument from the Commonwealth, I'll have a pre-sentence investigative report prepared for me, part of that will be reviewing any prior criminal history, information about you, I will have sentencing guidelines, but beyond that, **you understand that I will be able to sentence as I see fit**?
>
> A. [Trotter]        Yes.

N.T., 2/17/2023, at 4-5 (emphasis added); *see also id.* at 3 (Trotter confirming that he understood his plea was open and agreeing that he was "throwing" himself "on the mercy of the [t]rial [c]ourt"); *id.* (Trotter confirming that he understood the maximum penalty of ten years of imprisonment and/or a $25,000 fine); Plea Agreement, 2/17/2023, ¶ 4 (same).  Trotter also confirmed that he understood the rights he was giving up by pleading guilty, including the presumption of innocence, a trial, filing pretrial motions, presenting evidence, and cross-examining witnesses, and that he was waiving any possible defense.  N.T., 2/17/2023, at 4; Written Plea Colloquy, 2/17/2023, ¶¶ 5-7.  Lastly, Trotter specifically agreed that he was "satisfied that [his] guilty plea [wa]s voluntary and [wa]s in [his] best interest."  Written Plea Colloquy, 2/17/2023, ¶ 22.

The record thus establishes that Trotter voluntarily, knowingly, and intelligently entered his guilty plea.  *See Felix*, 303 A.3d at 820; *see also Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea

which contradict the statements he made at his plea colloquy."). Based upon his statements, plea counsel did not coerce Trotter into entering the plea, Trotter was satisfied with plea counsel's representation, and he understood that the trial court had discretion in imposing the sentence. Accordingly, even if Trotter had preserved it, we would conclude that his claim of ineffectiveness of plea counsel lacks arguable merit. *See Felix*, 303 A.3d at 820-22 (holding PCRA petitioner's claim of ineffectiveness of plea counsel lacked arguable merit where he entered a voluntary, knowing, and intelligent guilty plea to first-degree murder after undergoing extensive oral and written guilty plea colloquies). Because Trotter's underlying claim of plea counsel's ineffectiveness lacks arguable merit, we likewise conclude that PCRA counsel could not be deemed ineffective for failing to raise it and that the PCRA court made no error in dismissing Trotter's PCRA petition without an evidentiary hearing. *See Gibson*, 318 A.3d 927, 2024 WL 3263496, at * 4; *Williams*, 313 A.3d at 253.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2024