J-S33037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIRBY STEWART AKA KEVIN WILLIAMS | : | |
| | : | |
| | : | No. 493 MDA 2024 |
| Appellant | : | |

Appeal from the PCRA Order Entered March 21, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004395-1999

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 27, 2025**

Appellant Kirby Stewart aka Kevin Williams appeals *pro se* from the order dismissing his serial untimely Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant argues that the PCRA court erred in concluding that he failed to meet a timeliness exception to the PCRA time bar and declining to conduct an evidentiary hearing.  We affirm.

The underlying facts of this matter are well known to the parties.  Briefly, Appellant was charged with murder after he instructed his associates to kill the victim in retaliation for the victim's theft of money and guns from what the trial court referred to as a "crack house" maintained by Appellant.  **See** Trial Ct. Op., 10/13/00, at 1.  The jury found Appellant guilty on March 29,

---

[1] 42 Pa.C.S. §§ 9541-9546.

2000. That same day, the trial court imposed a sentence of life imprisonment. On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for further review. *See* ***Commonwealth v. Stewart***, 777 A.2d 510 (Pa. Super. 2001), *appeal denied*, 784 A.2d 117 (Pa. 2001). Appellant subsequently filed numerous PCRA petitions, all of which were ultimately denied.

On January 22, 2024, Appellant filed the instant *pro se* PCRA petition. Therein, Appellant claimed that the Commonwealth knowingly withheld information that the victim was a gang member and that he may have had a gun on his person at the time of the murder. Appellant claimed that the information became available to Appellant "days ago" and was included in police files that the Commonwealth failed to provide to the defense.

On February 26, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Therein, the PCRA court explained that Appellant's petition was facially untimely and that he had failed to establish when he learned of the new information. **See** Rule 907 Notice, 2/26/24, at 10. Additionally, the PCRA court noted that Appellant's "prior PCRA filings and court opinions demonstrate that there is nothing new being offered which could demonstrate obstruction by government officials or be construed as newly discovered exculpatory evidence." ***Id.*** After Appellant filed a response, the PCRA court issued an order dismissing Appellant's petition. **See** PCRA Ct. Order & Op., 3/21/24.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues:

1. Whether newly discovered evidence requires a[n] evidentiary hearing, 42 Pa.C.S. § 9543 (a)(2)(vi)?

2. Whether the PCRA court erred in not granting [an] evidentiary hearing[] on the merits of the investigator's findings?

3. Whether the PCRA court abused its discretion by not granting a[n] evidentiary hearing?

4. Whether the PCRA court did not deem the PCRA petition untimely, so the PCRA court should have granted the evidentiary hearing?

Appellant's Brief at 5 (formatting altered).

We address Appellant's claims together.[2] The crux of Appellant's argument is that "the PCRA court erred in concluding that there were no genuine issues of material fact and in determining that the PCRA petition was untimely and lacked merit without conducting an evidentiary hearing." Appellant's Brief at 11. Specifically, Appellant argues that the PCRA court should have conducted a hearing to evaluate his claims concerning a witness's alleged recantation and his assertion that the Commonwealth withheld evidence from the defense. *Id.* at 8-9.

---

[2] We note that Appellant's *pro se* brief is difficult to understand, and "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17 (citation omitted).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than twenty years after his sentence became final in 2001. ***See*** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was

required to prove an exception to the PCRA time bar. ***See Jones***, 54 A.3d at 16.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

"A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Williams*, 313 A.3d 249, 253 (Pa. Super. 2024) (citations, quotation marks, and brackets omitted); *see also* Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Williams*, 313 A.3d at 253 (citations and quotation marks omitted).

Here, the PCRA court addressed Appellant's claims as follows:

[Appellant] seeks to establish an exception to his untimely petition by asserting that the government obstructed his right to a fair trial by withholding information which was unavailable to him at the time of trial and that this information is exculpatory evidence that would have changed the outcome of the trial had it been introduced. In addition to establishing one of the exceptions, it is also incumbent upon [Appellant] to show that he filed his petition within one year of the date that the claim could have been first brought. *See* 42 Pa. C.S.A. 9545(b)(2).

Specifically, [Appellant] alleges the following in his petition:

[O]n January 18, 1999, Det. Thomas A. Kiss, met with two individuals (1) Michael Morrows, and (2) Robert Pittman[.] Robert Pittman, gave Det. Kiss, a .25 caliber semi automatic handgun and told Det. Kiss, that there's another handgun, which would be a 9mm semi automatic handgun. Which was not in its hiding place, as normally, which means that the victim must have had the handgun on his person when he was shot and killed. . . .

[Appellant] never knew that the victim had a gun on his person;

(a). [Appellant] never knew that the victim was an active Blood gang member, who was on the run from an "attempted murder" of another Blood gang member;

(b). [Appellant] never knew that the victim told his baby's mother that some guys were after him in the summer of 1998;

(c). [Appellant] never knew that the victim and Robert Pittman, committed a number of robberies before the alleged robbery of the alleged crackhouse that [Appellant] allegedly maintained, on 01/18/1999.

[Appellant] asserts that "Michael Morrows" took a gun off the victim's waistband, after he was shot and killed. And other suspects had motive to kill the victim as well.

[PCRA Pet., 1/22/24, at ¶¶ 9, 11, 14]. [Appellant] further claims that he only came by this information ""days ago" and that the information was in the "police files" that the prosecution refused to turn over to the defense. *Id.* at ¶¶ 9-10.

Aside from the issue that [Appellant] has not offered anything to support the claim of only receiving this information "days ago," from "police files," this is not the first time that [Appellant] has alleged obstruction by government officials and the existence of exculpatory evidence. A review of [Appellant's] prior PCRA filings and court opinions demonstrate that there is nothing new being offered which could demonstrate obstruction by government officials or be construed as newly discovered exculpatory evidence.

The specter of another shooter was addressed by Judge Stengel in [Appellant's] first PCRA petition filed on September 27, 2001, in which [Appellant] claimed a *Brady* violation regarding information not furnished to the defense about Commonwealth witness Alexis Paul and his whereabouts, and only providing the defense with a redacted statement from Paul.

During the PCRA hearing, defense counsel testified that he was shown the entire statement prior to the start of trial and it had little effect on the course of the trial and his trial strategy. Judge Stengel opined that during trial, defense counsel established

Paul's ownership of the counterfeit money in the apartment and that defense counsel was able to establish the inference that it was Alexis Paul who was involved in ordering the death of Kirkland Hardy.

On September 20, 2010, [Appellant] filed what the court viewed as his sixth petition for post-conviction collateral relief. The PCRA petition alleged obstruction by government officials and the existence of exculpatory evidence. According to the Rule 907 Notice filed on November 3, 2010 by the Honorable Howard Knisely, [Appellant] attached an affidavit from Robert Pittman who is one of the individuals [Appellant] identifies in the current Petition. Judge Knisely opined that the affidavit did not differ from what Pittman said at trial, which was he did not know [Appellant] and could not identify him. *See* N.T. Trial, 9/20/22, Vol 2 at 302-03. Judge Knisely concluded that no new facts were alleged that would fit an exception to the time bar.

In the current petition, [Appellant] attaches an affidavit purporting to be from a licensed private detective in Bucks County, Pennsylvania, who spoke to Michael Morrow. All the affidavit shows is that the detective came to see Morrow on November 13, 2023, at Morrow's address in Conestoga, Pennsylvania and the detective left his business card when no one answered the door. The Affidavit then states that Morrow called the detective but when asked about the matter, he stated he had no knowledge and hung up. The affidavit provides no new information which the court could construe as newly discovered exculpatory evidence.

In sum, [Appellant's] claims that the police knew from talking to Pittman and Morrow that there were other guns in existence, and therefore there were others who had it in for the victim who could have used these guns to shoot the victim. This claim is unavailing. Not only are the averments without corroboration of any kind, but they also offer nothing different from the testimony at trial regarding the possibility of others wanting to harm the victim who was himself a drug dealer.

The allegations as to there being other guns are also irrelevant because the 9 mm handgun used in the murder was never found. Instead, the circumstantial evidence showed that [Appellant] gave a 9 mm handgun to "Dice" and ordered Hardy to be killed. The evidence also showed that the bullets recovered from the shooting were from a 9 mm handgun. Unless [Appellant] now has the firearm responsible for discharge of the six bullets, which he does

not allege in his petition, his allegations are nothing more than speculation.

\* \* \*

Because [Appellant's] claims pertain to matters already known to him and matters that have been previously litigated, he has not established an exception set forth at 42 Pa. C.S. §§ 9545(b)(1)(i)-(iii). Therefore, the court lacks jurisdiction to address the merits of his claims[.]

PCRA Ct. Rule 907 Notice, 2/26/24, at 9-14.

Following our review of the record, we discern no error of law in the PCRA court's findings. *See Sandusky*, 203 A.3d at 1043. The PCRA court thoroughly addressed Appellant's claims and concluded that there were no material facts that would entitle Appellant to an evidentiary hearing. *See Williams*, 313 A.3d at 253. Finally, Appellant has failed to identify any "new" facts or explain why he could not have obtained the information sooner through due diligence. For these reasons, we conclude that Appellant's petition is untimely and that he failed to establish an exception to the PCRA time bar. *See Albrecht*, 994 A.2d at 1094; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/27/2025