J-S08004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| THOMAS CHARLES O'NEAL | : |
| | : |
| Appellant | : No. 1285 EDA 2025 |

Appeal from the PCRA Order Entered April 16, 2025
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002789-1994

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED MAY 5, 2026**

Thomas Charles O'Neal appeals from the order entered in the Court of Common Pleas of Delaware County denying his Post-Conviction Relief Act ("PCRA")[1] petition without a hearing. In his petition, O'Neal raises claims of ineffective assistance of counsel. After careful review, we affirm.

The PCRA court accurately summarized the procedural history of the matter as follows:

> O'Neal was charged with first-degree murder for the 1994 killing of Kuldip Singh during a robbery. He pled guilty on July 19, 1995, and received a mandatory life sentence without parole ["LWOP"]. He did not file a direct appeal or post-sentence motion. Thereafter, O'Neal filed multiple unsuccessful PCRA petitions over the years. His fourth and fifth PCRA petitions, based on [***Miller v. Alabama***, 567 U.S. 460, 470 (2012) (holding that the imposition of mandatory LWOP sentences for juvenile offenders violates the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Eighth Amendment's prohibition on cruel and unusual punishment)], were dismissed as untimely in 2014. The Pennsylvania Superior Court upheld these dismissals in 2015. [**See Commonwealth v. O'Neal**, 2509 EDA 2014, 2015 WL 6689267, at *1 (Pa. Super. filed Aug. 18, 2015) (unpublished memorandum)]. In March 2016, O'Neal filed a new PCRA petition after [**Montgomery v. Louisiana**, 577 U.S. 190 (2016),] made **Miller** retroactive. Counsel was changed multiple times before the case proceeded to resentencing. [The Pennsylvania Supreme Court's decision in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017),] guided the resentencing process, establishing a presumption against life without parole for juveniles. Multiple status hearings were held to gather records, appoint experts, and prepare for resentencing. The resentencing hearing took place on February 27, 2019, where O'Neal presented mitigation evidence, family testimony, and institutional records.[2] On April 2, 2019, the court resentenced him to 48 years to life. O'Neal appealed, arguing that the new sentence was an unconstitutional *de facto* life sentence. The Superior Court rejected his appeal in 2020, ruling that 48 years to life was not a *de facto* life sentence. [**See Commonwealth v. O'Neal**, 1664 EDA 2019, 2020 WL 4192452, at *2 (Pa. Super. filed July 21, 2020) (unpublished memorandum)]. The Pennsylvania Supreme Court denied O'Neal's petition for allowance of appeal on May 9, 2022. [**See Commonwealth v. O'Neal**, 462 MAL 2020 (Pa. 2022)]. O'Neal filed a new[, timely] PCRA petition [on April 11, 2023], alleging ineffective assistance of resentencing counsel. His claims include incorrect calculation of his prior record score, failure to communicate a plea offer, and failure to retain a reentry expert.

Rule 907 Notice, 2/20/25, at 3-4 (footnotes omitted). The PCRA court appointed counsel who filed an amended petition on July 30, 2024. On February 20, 2025, the PCRA court issued notice of its intent to dismiss O'Neal's petition without conducting an evidentiary hearing, pursuant to Pa.R.Crim.P. 907. O'Neal filed a response, and the PCRA court entered an

_____

2 The court appointed Kevin M. O'Neill, Esq. to represent O'Neal in his resentencing proceedings.

order dismissing O'Neal's petition without a hearing on April 16, 2025. O'Neal timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On June 25, 2025, the PCRA court issued its opinion, pursuant to Pa.R.A.P. 1925(a), in which it incorporated its Rule 907 Notice.

On appeal, O'Neal presents the following issues for our review.

1. Whether the PCRA court erred in denying [O'Neal's] PCRA petition without an evidentiary hearing where [O'Neal] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when sentencing counsel failed to communicate an offer to [O'Neal] extended by the Commonwealth prior to sentencing wherein the Commonwealth offered [O'Neal] a sentence of 45 years to life.

2. Whether the PCRA court erred in denying [O'Neal's] PCRA petition without a hearing, where [O'Neal] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when sentencing counsel failed to present an expert in the field of reentry into society to testify at resentencing to the immense progress that [O'Neal] has achieved while incarcerated and his ability to reenter society.

Appellant's Brief, at 5 (formatting altered; unnecessary capitalization, italics, and PCRA court answers omitted).

O'Neal challenges the PCRA court's denial of his petition without conducting an evidentiary hearing.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We give no such deference, however, to the court's legal conclusions.

- 3 -

*Commonwealth v. Williams*, 313 A.3d 249, 253 (Pa. Super. 2024) (citations omitted). This Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. McCready*, 295 A.3d 292, 297 (Pa. Super. 2023) (brackets and citation omitted). Furthermore, "a petitioner is not entitled to a PCRA hearing as a matter of right[.]" *Williams*, 313 A.3d at 253 (citation omitted).

> If the PCRA court can determine from the record that there are no genuine issues concerning any material fact and that the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, then an evidentiary hearing is unnecessary. However, if the petitioner alleges genuine issues of material fact that, if proven, would entitle the petitioner to relief, then the petitioner is entitled to a hearing.

*Commonwealth v. Brown*, 350 A.3d 12, 29 (Pa. 2026) (quotation marks, brackets, and footnote omitted).

In each issue, O'Neal avers that he is entitled to PCRA relief based on the ineffective assistance of counsel at his resentencing hearing. "It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness." *Commonwealth v. Smith*, 352 A.3d 111, 116 (Pa. 2026) (citation omitted).

> To obtain relief on a claim of prior counsel's ineffective assistance, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In Pennsylvania, we have applied the *Strickland* test by looking to three elements: the petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the

- 4 -

petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. [***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).]

***Commonwealth v. Anderson***, 327 A.3d 273, 281 (Pa. Super. 2024) (quotation marks and some citations omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Smith***, 352 A.3d at 116 (citations omitted).

First, O'Neal avers that resentencing counsel was ineffective for failing to convey the Commonwealth's sentencing offer of 45 years to life to O'Neal prior to his resentencing. ***See*** Appellant's Brief, at 8, 9. To support his claim, O'Neal points to an email exchange between counsel and the assistant district attorney reflecting the Commonwealth's willingness to agree to a sentence of 45 years to life at the resentencing hearing. ***See*** Response to Commonwealth's Motion to Dismiss Amended PCRA Petition, 3/10/25, at Exhibit A. O'Neal contends that because counsel failed to inform him of this offer, he received a less favorable sentence of 48 years to life. ***See*** Appellant's Brief, at 9.

As a preliminary matter, we note that O'Neal cites to caselaw concerning the ineffective assistance of counsel for failing to adequately advise or inform a defendant of a plea offer. ***See id.*** at 10-13. However, in framing his argument in such terms, O'Neal misrepresents the nature of both his resentencing proceedings and the offer communicated to counsel, as the matter was before the court for the limited purpose of resentencing in light of

*Miller* and its progeny. As the Commonwealth astutely notes, a "plea offer" is not at issue in this matter, and at most, "[t]he parties could have agreed on a negotiated joint sentencing recommendation to offer to the court, in lieu of a contested sentencing hearing." Appellee's Brief, at 25.

O'Neal's first ineffectiveness claim fails for lack of prejudice. O'Neal baldly asserts that he would have accepted the Commonwealth's sentencing offer if it had been communicated to him. *See* Appellant's Brief, at 14. However, the record reflects that, at his resentencing hearing, O'Neal presented the testimony of five witnesses and introduced various reports and documents into evidence to support his request for the imposition of a minimum sentence of time served. *See* N.T. Resentencing Hearing, 2/27/2019, at 9-20, 27-50, 52-67, 72-76, 80-91; Exhibits D-1, D-2. Notably, at the time of his resentencing, O'Neal had served approximately 24 years and 6 months. Based on his request for a minimum sentence of time served, we find O'Neal's bare assertion that he would have accepted the Commonwealth's offer of a minimum sentence of 45 years unpersuasive.

Furthermore, assuming *arguendo* that the Commonwealth made O'Neal a formal resentencing offer of 45 years to life and that O'Neal would have accepted the offer if counsel had conveyed it to him, he cannot demonstrate that the court would have accepted and imposed the stipulated sentence. Rather, a resentencing court retains discretion to accept or reject the sentence negotiated by the parties and to fashion an appropriate sentence based upon

its consideration of the evidence presented at the hearing and the sentencing factors set forth in 42 Pa.C.S.A. § 9721(b).[3] ***See Commonwealth v. Blount***, 207 A.3d 925, 933 (Pa. Super. 2019) ("We hold that merely because the district attorney and defense counsel negotiate a stipulated sentence, the sentencing judge is not bound thereby and has the ultimate independent responsibility to impose a sentence consistent with the Sentencing Code.") (footnote omitted). Thus, O'Neal cannot demonstrate that, but-for counsel's failure to convey the Commonwealth's sentencing offer to him, he would have received a more favorable sentence at his resentencing hearing. ***See Anderson***, 327 A.3d at 281. Accordingly, O'Neal cannot demonstrate prejudice, and his first ineffectiveness claim fails. ***See Smith***, 352 A.3d at 116.

Next, O'Neal avers that counsel was ineffective for failing "to present an actual qualified expert in the field of reentry into society at the resentencing hearing." Appellant's Brief, at 8. O'Neal contends that counsel instead relied upon the testimony of lay witness, Steven Gotzler, and "assum[ed] he could testify to [O'Neal's] ability to adapt to the community." ***Id.***

O'Neal's second ineffectiveness claim likewise fails.

_____

[3] "In cases where the Commonwealth does not seek a LWOP sentence, the sentencing court should apply the traditional sentencing considerations under 42 Pa.C.S.[A.] § 9721(b) of the Sentencing Code when fashioning its sentence." ***Commonwealth v. Summers***, 245 A.3d 686, 693 (Pa. Super. 2021) (citation omitted).

> It is axiomatic that when a PCRA petitioner claims counsel was ineffective for failing to call a witness, he or she must establish [that:] (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Abdul-Ali*, 345 A.3d 759, 775 (Pa. Super. 2025) (quotation marks and citation omitted). "Furthermore, a petitioner must demonstrate that an uncalled expert witness "would have offered testimony deigned to advance [the petitioner's] cause." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1143 (Pa. 2011) (citation omitted).

O'Neal has not even attempted to demonstrate that the absence of such expert testimony was so prejudicial as to have denied him a fair outcome. *See Abdul-Ali*, 345 A.3d at 775. Rather, the record reflects that in fashioning O'Neal's sentence, the resentencing court considered the mitigation report, prepared by a court-appointed expert, which included the expert's recommended re-entry plan as well as her conclusion that, with appropriate community and familial support, O'Neal could "undoubtedly become a contributing member of society." N.T. Sentencing, 4/2/19, at 4; Exhibit D-1, Mitigation Report, at 16. Thus, O'Neal cannot demonstrate that, but-for counsel's failure to call a "reentry specialist" as an expert witness to testify "to his opinion [concerning O'Neal's] ability to reenter society," Appellant's Brief, at 15, there is a reasonable probability that he would have received a more favorable sentence at his resentencing proceedings. *See Anderson*,

327 A.3d at 281. Accordingly, O'Neal cannot demonstrate prejudice, and his ineffectiveness claim fails. *See Smith*, 352 A.3d at 116.

Based on the foregoing, we conclude that the PCRA court's denial of O'Neal's petition is supported by the evidence of record and free from legal error. *See Williams*, 313 A.3d at 253. O'Neal has failed to present a genuine issue of material fact that, if proven, would warrant PCRA relief, and the PCRA court properly found he was not entitled to an evidentiary hearing. *See Brown*, 350 A.3d at 29. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/5/2026